SEYFARTH SHAW LLP
Alice M. Hodsden (SBN 340796)
ahodsden@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

*Counsel for Defendant*
*Equifax Information Services LLC*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI CAO,<br><br>                Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>                Defendant. | Case No. 4:24-cv-02666-HSG<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:    Hon. Haywood S. Gilliam, Jr.<br>Hearing:  Thursday, September 12, 2024 2:00<br>             p.m. |

## NOTICE OF MOTION

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT the motion of Equifax Information Services LLC ("Equifax") to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) is set for hearing on Thursday, September 12, 2024, at 2:00 p.m. or soon thereafter as the matter may be heard in Courtroom 2 of the above entitled Court located at Oakland Courthouse, Fourth Floor, 1301 Clay Street, Oakland, CA 94612. Equifax's Motion will be based on this Notice of Motion, the attached Memorandum of Points and Authorities, the pleadings and papers on file herein, and such further argument and evidence as may be presented at the hearing of the motion.

1   DATED: August 8, 2024

Respectfully submitted,

2                                        SEYFARTH SHAW LLP

4                                     By: */s/ Alice M. Hodsden*

5                                            Alice M. Hodsden
*Counsel for Defendant*
*Equifax Information Services LLC*

2

312946864v.1

SEYFARTH SHAW LLP
Alice M. Hodsden (SBN 340796)
ahodsden@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017-5793
Telephone:  (213) 270-9600
Facsimile:   (213) 270-9601

*Counsel for Defendant*
*Equifax Information Services LLC*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI CAO,<br><br>                Plaintiff,<br><br>    v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>                Defendant. | Case No. 4:24-cv-02666-HSG<br><br>**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:    Hon. Haywood S. Gilliam, Jr.<br>Hearing:  Thursday, September 12, 2024 2:00 p.m. |

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiff filed his Amended Complaint on July 25, 2024. (Doc. 20).  In his Complaint, Plaintiff alleges that an "unknown and unauthorized individual" used his Bank of America credit card to make unauthorized charges "in or around December 4, 2020." (*Id.* ¶¶ 28-31.)

Plaintiff alleges he sent Equifax a dispute regarding Bank of America's reporting of the account via certified mail on April 8, 2022. (*Id.* ¶ 52.)  Plaintiff alleges that Equifax sent him correspondence dated May 4, 2022 indicating that the Bank of America account "was still reporting on [his] credit file." (*Id.*)

Plaintiff alleges that, "[w]ithin the five years previous to the filing of this Complaint, Defendant Equifax prepared and distributed one or more consumer reports . . . pertaining to Plaintiff that contained misleading or inaccurate information related to Plaintiff's account held by Bank of America." (*Id.* ¶ 56.) Plaintiff does not, however, make any specific allegation as to when and to whom any such consumer

1  reports were published. Nor does he allege that any such consumer reports postdated his April 2022

2  dispute to Equifax.

3    On the strength of these allegations, Plaintiff alleges seven causes of action: violation of 15 U.S.C.

4  § 1681e(b) for failing to follow reasonable procedures to assure maximum possible accuracy in the

5  preparation of a consumer report (County I), violation of 15 U.S.C. § 1681i(a)(1) for failing to conduct a

6  reasonable reinvestigation of his dispute (Count II), violation of 15 U.S.C. § 1681i(a)(2)(A) for failing to

7  provide Bank of America with all relevant information regarding his dispute (Count III), violation of

8  15 U.S.C. § 1681i(a)(4) for failing to review and consider all the information he submitted with his dispute

9  (Count IV), violation of 15 U.S.C. § 1681i(a)(5)(A) for failing to delete or modify disputed information

10  (Count V), violation of 15 U.S.C. § 1681i(a)(5)(C) for failing to maintain procedures designed to prevent

11  the reappearance of deleted inaccurate information (Count VI), violation of Cal. Civ. Code § 1785.14(b)

12  for failing to follow reasonable procedures to assure maximum possible accuracy in the preparation of a

13  consumer report (Count VII), violation of Cal. Civ. Code § 1785.16(a) for failing to conduct a reasonable

14  reinvestigation of his dispute (Count VIII), and violation of Cal. Civ. Code § 1785.16(b) for failure to

15  review and consider all relevant information regarding his dispute (Count IX).

16    Counts I and VII, brought under sections of the federal Fair Credit Reporting Act ("FCRA") and

17  California Consumer Credit Reporting Agencies Act ("CCRAA") that are *in pari materia*, fail to plausibly

18  state a claim upon which relief can be granted because Plaintiff's Complaint fails to make any specific

19  allegation regarding when and to whom Equifax allegedly communicated a consumer report containing

20  inaccurate information.[1]  Rather, Plaintiff's Complaint merely parrots the causes of action, as set forth in

21  the statutory provisions, which will not do.

22

23

24

25

26   [1] Upon information and belief, Plaintiff fails to do this because there have been no "hard inquiries"
to his credit file within the two years prior to the filing of the Complaint, which, notwithstanding Plaintiff's

27  allegations in paragraph 56 of the Complaint, is the statute of limitations period for both the FCRA and
the CCRAA. *See* 15 U.S.C. § 1681p; Cal. Civ. Code § 1785.33.

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION;
MEMORANDUM OF POINTS AND AUTHORITIES

312946864v.1

Accordingly, Equifax respectfully requests the Court enter an Order dismissing with prejudice Counts I and VII, and allowing this action to proceed as to the remaining Counts only.[2]

### STANDARD

Federal Rule of Civil Procedure 12(b)(6) requires dismissal of a complaint when a plaintiff's allegations fail to set forth facts which, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The pleadings must raise the right to relief beyond the speculative level, and a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a motion to dismiss, the Supreme Court instructed lower courts to consider "[t]wo working principles." *Iqbal*, 556 U.S. at 678. First, the court is not required to accept, as true, legal conclusions couched as factual allegations. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (citing *Twombly*, 550 U.S. at 570.) "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint . . . has not shown…that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and alterations omitted).

In considering a 12(b)(6) motion, the court should accept all well-pleaded facts in the Complaint as true and draw all inferences in the plaintiff's favor. While all material allegations must be taken as true, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). Indeed, a plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" to survive a motion to dismiss. *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Nor do courts "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

---

[2] While Equifax does not currently challenge the pleading of the remaining Counts, it does not waive its right to deny the allegations and assert affirmative defenses to that claim when the pleadings are settled. *See Talbot v. Sentinel Ins. Co.*, 2012 WL 1068763, at *5 (D. Nev. Mar. 29, 2012).

312946864v.1

**ARGUMENT & CITATION TO AUTHORITY**

**A.  Plaintiff's Causes Of Action Pertaining To Equifax's Preparation Of A Consumer Report Are Unsupported By Any Specific Factual Allegations In The Complaint.**

Counts I and VII, brought under sections of the federal FCRA and California CCRAA that are *in pari materia*, fail to plausibly state a claim upon which relief can be granted because Plaintiff's Complaint fails to make any specific allegation regarding when and to whom Equifax allegedly communicated a consumer report containing inaccurate information.

To make out a claim against a consumer reporting agency ("CRA") under § 1681e(b) of the FCRA, a consumer must establish, among other things, that the CRA "prepared a report containing 'inaccurate' information." *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) (emphasis added). If he cannot, then "the consumer, as a matter of law, has not established a violation of section [§ 1681e(b)]."

The "report" referenced here is a "consumer report," which the FCRA defines as a "written, oral or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for" credit, employment, or other authorized purposes. 15 U.S.C. § 1681a(d)(1) (emphasis added); *see also Shaw v. Experian Information Sols., Inc.*, 891 F.3d 749, 755 n.3 (9th Cir. 2018) ("A consumer, or credit, report is a CRA-prepared report that a CRA issues to third parties for certain qualifying purposes.").

A consumer cannot make a claim under § 1681e(b) by pointing to allegedly inaccurate information on his credit file merely maintained by a CRA. Rather, he must point to inaccurate information published by the CRA, in the form of a consumer report, to a third party.  *See Collins v. Experian Info. Sols., Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015) ("A 'consumer report' requires communication to a third party, while a 'file' does not.").[3]

---

[3] Indeed, even if a plaintiff can show "misleading information in [his] internal credit file[]" maintained by a consumer reporting agency, without publication to a third party there is not even Art. III standing due to the lack of any concrete injury. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 435-439 (2021).

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION;
MEMORANDUM OF POINTS AND AUTHORITIES

312946864v.1

1

2

3

4

5

6

7

Here, Plaintiff has made no specific factual allegations suggesting that Equifax published inaccurate information pertaining to him, in the form of a consumer report,[4] to a third party. The only even remotely pertinent factual "allegation" comes in paragraph 55 of the Complaint, which states, in relevant part, "Within the five years[5] previous to the filing of this Complaint, Defendant Equifax prepared and distributed one or more consumer reports, as that term is defined by Section 1681a(d) of the FCRA, pertaining to Plaintiff that contained misleading or inaccurate information related to Plaintiff's account held by Bank of America." (Doc. 1 ¶ 55.)

8

9

10

11

12

13

14

15

16

17

Simply put, Plaintiff does not provide even the most basic of factual allegations, such as to whom any such report was allegedly published or the date any such report was allegedly published. At most, the allegations in paragraph 56 simply parrot the statute, which the Supreme Court has held "will not do." *Twombly*, 550 U.S. at 555. Without a factual allegation tending to show that a CRA prepared a report for a third party—something well within a consumer's ability to divulge—a § 1681e(b) claim[6] lacks an essential element, and fails to state a claim upon which relief can be granted. *See Barreto v. Equifax Info. Servs. LLC*, No. 22-cv-4941, 2023 WL 4047693, at *6 (N.D. Ga. May 25, 2023), report and recommendation adopted, 2023 WL 4996555 (N.D. Ga. July 19, 2023) (recommending dismissal of § 1681e(b) claim because, *inter alia*, "Plaintiff hasn't specified when or to whom the reports were published. Yet, as noted above, such publication is an essential element of her § 1681e(b) claims.").

18

19

20

21

22

23

24

25

26

27

28

---

[4] Or, in the parlance of the CCRAA, a "consumer credit report." *See* Cal. Civ. Code § 1785.3(c).

[5] The actual limitations period is "2 years after the date of discovery [or constructive discovery] by the plaintiff of the violation that is the basis for such liability." Drew v. Equifax Info. Servs., LLC, 690 F.3d 1100, 1109 (9th Cir. 2012) (alternation in original); *see also* 15 U.S.C. § 1681p; Cal. Civ. Code § 1785.33. The reference to five years is a reference to the FCRA's "statute of repose," *Grigoryan v. Experian Info. Sols., Inc.*, 84 F.Supp.3d 1044, 1058 (C.D. Cal. 2014), i.e., a bar to claims stemming from conduct more than 5 years in the past, regardless of when the Plaintiff discovered it. But, as Plaintiff's own allegations demonstrate that he had knowledge of the allegedly inaccurate Bank of America balance as early as September 26, 2021, (Doc. 20 ¶ 45), and he claims that the balance was not removed in Equifax's reinvestigation of his dispute, (*id.* ¶ 53), the statute of repose is not in play. Even if the statute of repose were in play, Plaintiff has not made any specific allegations regarding when or to whom Equifax allegedly published inaccurate information.

[6] Or its California counterpart.

---

1

## **CONCLUSION**

2

     Accordingly, Equifax respectfully requests the Court enter an Order dismissing with prejudice

3

Counts I and VII, and allowing this action to proceed as to the remaining Counts only. Equifax does not

4

concede the viability of remaining Counts, but believes they will be appropriately dismissed later in the

5

proceedings, or on summary judgment.

6

DATED: August 8, 2024                                             Respectfully submitted,

7

8
                                               SEYFARTH SHAW LLP

9

10
                                  By: */s/ Alice M. Hodsden*

11
                                            Alice M. Hodsden
                                           *Counsel for Defendant*
                                     *Equifax Information Services LLC*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION;
MEMORANDUM OF POINTS AND AUTHORITIES

312946864v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2024, I presented the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION; MEMORANDUM OF POINTS AND AUTHORITIES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Alice M. Hodsden
Alice M. Hodsden
*Counsel for Defendant*
*Equifax Information Services LLC*

DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S NOTICE OF MOTION;
MEMORANDUM OF POINTS AND AUTHORITIES

312946864v.1