UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAI CAO,<br><br>                     Plaintiff,<br><br>       v.<br><br>EQUIFAX INFORMATION SERVICES, LLC,<br><br>                     Defendant. | Case No. 24-cv-02666-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Pending before the Court is Defendant Equifax Information Services, LLC's motion to dismiss. Dkt. No. 27. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motion.

### I.      BACKGROUND

Plaintiff Kai Cao alleges that he is a victim of identity theft. *See* Dkt. No. 20 ("FAC") at ¶ 26. Specifically, Plaintiff contends that in approximately December 2020 an unknown individual obtained Plaintiff's Bank of America credit card and made over $6,000 in unauthorized purchases at Costco while Plaintiff was out of the country. *See id.* at ¶¶ 1–3, 27–32. Although Plaintiff notified the bank of the fraudulent transactions, Plaintiff contends that Bank of America denied his fraud claim and has continued to report the credit card balance to Consumer Reporting Agencies. *See id.* at ¶¶ 4–5, 36–44, 47–49, 51. Bank of America, for its part, contends that the Costco purchases were made by someone "authorized" to use Plaintiff's credit card. *See, e.g.*, *id.* at ¶¶ 36, 47. Plaintiff states that beginning in September 2021 he learned that Defendant was reporting the allegedly fraudulent credit card balance on Plaintiff's credit report. *See id.* at ¶¶ 45, 50. Plaintiff alleges that he provided Defendant with an "Identity Theft Notification," but

Defendant has continued to report the fraudulent credit card balance. *See id.* at ¶¶ 6–7, 45, 52–55. Based on these allegations, Plaintiff brings causes of action for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* and the California Consumer Credit Reporting Act ("CCCRA"), Cal. Civil Code §§ 1785.14 *et seq. See id.* at ¶¶ 62–106. Defendant has moved to dismiss certain causes of action in the amended complaint. Dkt. No. 27.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.   DISCUSSION

Defendant moves to dismiss Counts I and VII of the amended complaint, violations of § 1681e(b) of the FCRA and § 1785.14(b) of the CCCRA. Dkt. No. 27. Under § 1681e(b),

> Whenever a consumer reporting agency prepares a *consumer report* it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates.

15 U.S.C. § 1681e(b) (emphasis added); Cal. Civ. Code § 1785.14(b) (same). A "consumer report," in turn, is one that a consumer reporting agency "*issues to third parties* for certain qualifying purposes." *See Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 755, n.3 (9th Cir. 2018) (emphasis added). The parties appear to agree that to state a claim under these provisions of the FCRA and CCRA, Plaintiff must allege that Defendant prepared a consumer report containing inaccurate information, and that it furnished the report to a third party. *See id.*; *cf. TransUnion LLC v. Ramirez*, 594 U.S. 413, 435–39 (2021) ("The mere presence of an inaccuracy in an internal credit file, if it is not disclosed to a third party, causes no concrete harm [for purposes of Article III standing]."). The parties disagree, however, as to whether Plaintiff has sufficiently alleged this. *Compare* Dkt. No. 27 at 7, *with* Dkt. No. 31 at 3.

The amended complaint states: "Within the five years previous to the filing of this Complaint, Defendant Equifax prepared and distributed one or more consumer reports . . . pertaining to Plaintiff that contained misleading or inaccurate information related to Plaintiff's account held by Bank of America." *See* FAC at ¶ 56. Defendant urges that Plaintiff must more specifically identify when and to whom such reports were provided. *See* Dkt. No. 27 at 7. Plaintiff responds that such detail is unnecessary, and that there were several "hard and soft inquiries" on Plaintiff's credit reports within the applicable statute of limitations. *See* Dkt. No. 31 at 1, 3. As currently alleged, however, it is not clear that Defendant ever provided an inaccurate consumer report to a third party or what the purportedly inaccurate information was. Defendant should not have to speculate about the factual basis for Plaintiff's causes of action or whether they fall within the statute of limitations. Plaintiff has indicated that he can provide more detail, *see id.*, and he should do so.

### IV. CONCLUSION

The Court **GRANTS** the motion to dismiss. Dkt. No. 27. At this stage in the litigation, the Court cannot say that amendment would be futile. Plaintiff may therefore file an amended complaint within 21 days of the date of this order. Plaintiff is cautioned, however, that he should fully plead his best case in any amended complaint as the Court is unlikely to grant further leave to amend.

3

1    The Court further **SETS** case a case management conference on March 18, 2025, at 2:00
2 p.m.  The hearing will be held by Public Zoom Webinar.  All counsel, members of the public, and
3 media may access the webinar information at https://www.cand.uscourts.gov/hsg.  All attorneys
4 and pro se litigants appearing for the case management conference are required to join at least 15
5 minutes before the hearing to check in with the courtroom deputy and test internet, video, and
6 audio capabilities.  The parties are further **DIRECTED** to file a joint case management statement
7 by March 11, 2025.

**IT IS SO ORDERED.**

Dated: 1/23/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge